David Michael Richard MINCHIN, Plaintiff,

v.

CHRYSLER CAPITAL CORPORATION, Defendant.

No. Civ. 3:93CV02378 (WWE).

United States District Court, D. Connecticut.

July 9, 1999.

snow season is a reasonable one.

574

John B. Rust, Stratford, CT, Mark Hellner, Chicago, IL, Gilbert C. Ferrer, Austin, TX, for Plaintiff.

Mary A. Gambardella, Steven J. Younes, David S. Poppick, Epstein, Becker & Green, P.C., Stamford, CT, for Defendant.

*RULING ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE, FOR A NEW TRIAL*

EGINTON, Senior District Judge.

This civil action, claiming breach of an employment contract for failure to pay a bonus under the employer's Variable Compensation Program, was tried to a jury for four days in December, 1998. At the conclusion of the trial, the jury returned a special verdict, responding to six interrogatories and awarding to the plaintiff the sum of $355,000 on a finding of breach of contract.

On December 22, 1998, defendant filed an alternative motion, seeking judgment as a matter of law in its favor pursuant to Fed.R.Civ.P. 50(b) or in the alternative, a new trial pursuant to Fed.R.Civ.P. 59(e). Although the standards of review differ with respect to these rules of civil procedure, the Court, applying those standards, will deny the defense motion for judgment as a matter of law, but grant the defense motion for a new trial, for the reasons set forth below.

■ The grounds advanced by the defendant in support of its motion for judgment as a matter of law are 1) absence of plaintiff's evidence; 2) verdict the result of conjecture and surmise and 3) overwhelming amount of evidence in favor of the defendant. With respect to all three of those contentions, the Court has no difficulty ruling against the defendant. The plaintiff offered sufficient evidence for a jury finding in his favor on liability, and the evidence in favor of the defendant was definitely not overwhelming. The jury's verdict was not the result of conjecture or surmise, but the jury verdict is fatally flawed by the interrogatories given, and not given, to the jury to respond to the special verdict request. This said, we turn to the motion under Fed.R.Civ.P. 59(e) for the Court to order a new trial on the ground that there was no legally sufficient evidentiary basis for the jury to return its answers to interrogatories.

■ The defect in the jury procedure in this case is found in the approach of the Court during the charge conference with counsel on the record. Defense counsel repeatedly emphasized to the Court that the defendant was not abandoning its requested jury instruction No. 23 which stated: "An employer's requirement that an employee be employed through a certain time period in order to receive a bonus payment is a valid condition precedent." The Court refused to charge instruction No. 23 and held as a matter of law that the conduct of the employer, demonstrated by its witnesses, compelled the Court to enter

a finding that as a matter of law the continued employment requirement had been waived. The Court several times advised counsel of its conviction that if it were to charge the jury that continuous employment was a valid condition precedent, this was equivalent to directing a verdict for the defendant, since it was obvious that that condition had never been met by the plaintiff. The Court pointed out that it believed there were factual issues and credibility issues to be determined by the jury, and that therefore it would not so charge as to create a directed verdict situation. The charge that the Court did give to the jury obviously led to an inconsistency in the responses to the interrogatories. On the breach of contract count the Court charged the jury that a contract could contain a condition precedent, but that the plaintiff's obligation to comply with a condition of the contract is excused if defendant rendered performance impossible. No further guidance was given to the jury on that point. The jury returned interrogatory answers in favor of the plaintiff on the breach of contract count, specifically finding that the defendant materially breached the contract. However, on the Connecticut Wage Act count the jury was required to make a finding as to whether Chrysler Corporation's failure to pay the bonus was arbitrary, unreasonable or in bad faith, and the jury answered in the negative.

The Court now believes that if the jury had been given interrogatories on the breach of contract count dealing with waiver and with good or bad faith, the problem of inconsistency would almost certainly have been cured. As it is, the jury, given insufficient guidance, responded with an inconsistent verdict.

The defendant's motion papers correctly note that the Second Circuit's decisions in *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109 (2d Cir.1985) (*Wakefield I*) and *Wakefield v. Northern Telecom, Inc.*, 813 F.2d 535 (2d Cir.1987) (*Wakefield II*) are directly in point and virtually on all fours

with the fact situation presented in *Minchin*. The employer is entitled to enforce a condition precedent. The only reason that the Court in this instance did not apply the rulings in *Wakefield* was that the Court found as a matter of law that the condition precedent had been waived. But the defense contention, which was never put to the jury, was that the waiver was conditional upon the signing of a severance agreement, which the plaintiff, in the eyes of the Court, properly refused to sign because of its unconscionable nature. Upon reflection, and upon review of the papers filed by the parties with respect to the instant motion, the Court believes that its ruling was erroneous and that the issues of waiver and unconscionability should have been put more clearly to the jury. The Court would not so hold, had the jury returned an affirmative answer to the bad faith question posed in the interrogatories. The jury did just the reverse, finding that Chrysler had not acted arbitrarily or unreasonably or in bad faith in its conduct toward the plaintiff.

The Court, accepting and filing the special verdict form interrogatories returned by the jury, will not enter judgment on those interrogatories responses, but will order a new trial of this matter, which will be set for jury selection on October 18, 1999. However, a cautionary note. In the interests of judicial economy, if the appellate court requires that there be a definite judgment at the trial level in order to permit an appeal of this matter, then the Court will order judgment entered in behalf of the plaintiff in accordance with the jury's award of $355,000, and then set aside that judgment and order a new trial. If the parties so desire, the Court believes that an appellate review one way or the other at this stage would be preferable to the expense of a new trial undertaken without the benefit of such appellate review.

### CONCLUSION

For the foregoing reasons, the defendant's Motion for Judgment as a Matter of

Law [Doc. # 87–1] is DENIED. The defendant's Motion for a New Trial is GRANTED [Doc. # 87–3]. The defendant's Motion for Remittitur and defendant's Moton for a Stay of Execution [Docs. # 87–2 and 87–4] are DENIED as moot.